ANIMAL LOVERS VOLUNTEER
ASSOCIATION, INC., et al.,
Plaintiffs,

v.

Richard CHENEY, et al., Defendants.

No. CV 86–4992–RJK.

United States District Court,
C.D. California.

Feb. 10, 1992.

Wm. Marshall Morgan, Anthony F. Latio-
lait, M. Jill Morris, Morgan, Wenzel &

McNicholas, Los Angeles, Cal., for plaintiffs.

Lourdes G. Baird, U.S. Atty., Leon W. Weidman, Asst. U.S. Atty., Chief, Civ. Div., Peter Hsiao, Asst. U.S. Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION ORDER AND JUDGMENT

ROBERT J. KELLEHER, Senior District Judge.

Defendants' motion for partial summary judgment against plaintiffs' first and second causes of action came before the Court for hearing on February 3, 1992. The Court granted the motion.

## I. BACKGROUND

This law suit was instituted in July of 1986 by plaintiffs Animal Lovers Volunteer Association ("ALVA"). Defendants United States Fish and Wildlife Service (the "Service"), United States Navy and United States Department of Defense had recently begun trapping red fox at the Seal Beach National Wildlife Refuge in order to protect two endangered bird species on the Refuge, the California least tern and the light-footed clapper rail. The actions of the federal agencies at the Refuge are subject to both the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.* and the National Wildlife Refuge Administration Act (NWRAA).

Initially ALVA sought to compel defendants to prepare an Environmental Impact Statement ("EIS") regarding their fox control plan. ALVA was eventually successful and this Court ordered defendants to prepare an EIS.

On May 18, 1990 the Service filed the draft EIS with the Environmental Protection Agency (the "EPA"), and circulated it for comments. On August 31, 1990, the Service filed the final EIS with the EPA.

Plaintiffs then filed their First Amended Complaint alleging four causes of action 1) that the EIS violated NEPA, 2) that it failed to comply with federal regulations promulgated under NEPA, 3) that it violated the NWRAA, and 4) that it constituted an abuse of discretion. On April 1, 1990, this Court severed the third and fourth causes of action.

Defendants have now moved for summary judgment on the first two causes of action.

## II. LEGAL STANDARDS

### A. Summary Judgment

A party is entitled to summary judgment upon a showing that there are no material facts in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing the motion may defeat it by showing that there is a genuine issue of material fact in dispute. *Id.*

### B. Standard of Review under NEPA

Under NEPA, any federal agency that proposes a major action that will significantly affect the quality of the human environment must prepare a detailed statement on its environmental impact. 42 U.S.C. § 4332(2)(C). The statement must contain, among other things, a detailed statement on the overall environmental impact, any adverse environmental effects, and alternatives to the proposed action. 42 U.S.C. § 4332(2)(C)(i), (ii), and (iii).

NEPA does not force agencies to achieve particular substantive environmental results. *Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 371, 109 S.Ct. 1851, 1857–8, 104 L.Ed.2d 377 (1989). Rather, it requires that certain procedures be complied with. *California v. Block,* 690 F.2d 753, 761 (9th Cir.1982). The "action-forcing" nature of the statute serves two basic purposes. "It ensures that the agency, in reaching its decision, will have available and will carefully consider detailed information concerning significant environmental impacts; it also guarantees that the relevant information will be made available to the larger audience that may also play a role in both the decision making process and the implementation of that decision." *Robertson v. Methow Valley Citizens'*

*Council,* 490 U.S. 332, 349, 109 S.Ct. 1835, 1845, 104 L.Ed.2d 351 (1989).

The preparation of the EIS "focus[es] the agency's attention ... and ensures that important effects will not be overlooked or underestimated." Publication of the EIS in both draft and final form gives the public an opportunity to comment and present opposing viewpoints to the agency; it also enables the public to verify that the agency has indeed considered the environmental concerns. *Id.*

"Although these procedures are almost certain to affect the agency's substantive decision, it is now well settled that NEPA itself does not mandate particular results, but simply prescribes the necessary process." *Id.* 490 U.S. at 350, 109 S.Ct. at 1846. "NEPA merely prohibits uninformed—rather than unwise—agency action." *Id.*

■ In determining whether the agency has satisfied the requirements of the statute, the court has a two-step inquiry. First, the procedural requirements of the statute must be followed. Second, the court must determine that the EIS accomplishes its purpose of fostering informed decision-making and informed public participation. *Natural Resources Defense Counsel, Inc. v. Hodel,* 819 F.2d 927, 929 (9th Cir.1987).

■ The court must thus "insure that the agency has taken a 'hard look' at environmental consequences." *Kleppe v. Sierra Club,* 427 U.S. 390, 410 n. 21, 96 S.Ct. 2718, 2730 n. 21, 49 L.Ed.2d 576 (1976) (*cited* in *Robertson,* 490 U.S. at 350, 109 S.Ct. at 1846). In determining whether the agency has taken a "hard look", the court's review is "tempered by a practical 'rule of reason.'" *New York v. Kleppe,* 429 U.S. 1307, 1311, 97 S.Ct. 4, 6, 50 L.Ed.2d 38 (1976). "We have emphasized that this standard requires the court to make a pragmatic judgment as to whether the EIS promotes informed decision-making and public participation, without substituting its judgment for that of the agency concerning the wisdom or prudence of a proposed action." 819 F.2d at 929 (*citing* 690 F.2d at 761)." The review is limited and decidedly deferential to the agency's expertise." *Northern Plains Resource Council*

*v. Lujan,* 874 F.2d 661, 665 (9th Cir.1989). "Once satisfied that a proposing agency has taken a 'hard look' at a decision's environmental consequences, the review is at an end." *Block,* 690 F.2d at 761 (citations omitted).

### C. The Regulations

In their second cause of action Plaintiffs contend that the EIS violates the regulations promulgated under NEPA, 40 C.F.R. § 1502.14. The regulations expand upon the statute's description of the manner in which the EIS must treat each issue.

### III. MAY COURT LOOK OUTSIDE THE ADMINISTRATIVE RECORD TO REVIEW EIS'S COMPLIANCE WITH NEPA?

■ Plaintiffs have submitted testimony of various experts and documentary evidence to support their claims that the EIS omitted important considerations and information, contains inaccuracies, and lacks important studies. The Court has considered this evidence.

Precedents suggest that the court may and should look at these outside sources in order to determine whether challenges such as those made here have merit. This is clearly the only practical answer because if the opponent could not bring in opposing evidence then the court could never determine whether the EIS was reasonably complete or accurate. Although the review is deferential, the court is not straight-jacketed.

Although the Court is willing to look outside of the administrative record, the issues may still be resolved upon summary judgment if the evidence does not raise any genuine issues of material fact.

### IV. DOES EIS FAIL TO SATISFY REQUIREMENTS OF NEPA AND THE REGULATIONS?

■ Plaintiffs have presented various objections to the EIS. The Court has reviewed the EIS carefully and fully and finds that none of the objections have any merit. All of the objections are already contained in the Comment section to the EIS and are responded to repeatedly there

and throughout the text. ALVA appears to dispute the substance of the decision and not whether the defendants complied with the requirements of the statute and the regulations. *See Hodel*, 819 F.2d at 930.

The objections with regard to the two counts are substantially identical so the Court will discuss them together.

First, it is contended that the EIS omits opposing viewpoints. The Court finds that the EIS adequately discusses opposing view points, particularly with regard to the decision to trap red foxes as a means of preserving the birds, the effect of removing a predator, the beneficial attributes of the red fox, and the effects of reintroducing the coyote as a method of solving the ecological imbalance.

Second, it is contended that the EIS fails to adequately address reasonable alternatives.

Judicial review of the range of alternatives considered by an agency is governed by a "rule of reason" that requires any agency to set forth only those alternatives necessary to permit a "reasoned choice." An EIS, however, need not consider an alternative "whose effect cannot be reasonably ascertained, and whose implementation is deemed remote and speculative." ... [T]he touchstone for our inquiry is whether an EIS's selection and discussion of alternatives fosters informed decision-making and informed public participation.

*Block*, 690 F.2d at 767 (citations omitted).

The Regulations provide that the EIS must, among other things, "rigorously explore and objectively evaluate all reasonable alternatives", "devote substantial treatment to each alternative considered in detail", and "include reasonable alternatives not within the jurisdiction of the lead agency." 40 C.F.R. § 1502.14.

The Court finds that the choice and consideration of alternatives in the EIS is clearly adequate. Many of the "alternatives" suggested by ALVA are not alternatives at all, but are merely issues to be addressed in any plan. To the extent that ALVA points to alternative possible actions, the EIS discusses each and every one of them.

Third, it is contended that the EIS contains incomplete and misleading information and fails to address relevant issues objectively or in good faith. The Court finds that the EIS sets forth a reasonably thorough and scientific analysis of the relevant issues, evidence, and opinions. The conclusions may be different than those ALVA draws, but they are sufficiently well grounded to satisfy the law.

Fourth, it is contended that it fails to set forth sufficient original research. The Court finds that the EIS contains reference and discussion of a substantial number of studies, including original studies conducted by the preparers.

In summary, the Court is convinced that the agency took a hard look at all the information, including opposing viewpoints, and arrived at an informed decision. The EIS is more than adequate to serve the dual purposes of fostering informed decision making and informed public participation.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT judgment is entered in favor of defendants and against plaintiffs on the first and second causes of action of plaintiffs' First Amended Complaint.